

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2009

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lin v. Atty Gen USA" (2009). *2009 Decisions*. Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3046
_____

SHI QING LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-982-809)
Immigration Judge: Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2009

Before:   RENDELL, FISHER and GARTH, Circuit Judges

(Filed: December 21, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Shi Qing Lin has filed a petition for review of the final order by the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ"'s) denial of Lin's

requests for asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT"). For the reasons that follow, we will deny the petition for review.

The parties are familiar with the background of this case, and so we provide only a summary of the proceedings. Lin is a native and citizen of the People's Republic of China who arrived in the United States in April 2005. He was placed in removal proceedings for being an alien present in the United States without being admitted or paroled after inspection by an immigration officer (8 U.S.C. § 1182(a)(6)(A)(i)). He conceded removability. In November 2005, he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") as a Falun Gong practitioner. The IJ held an evidentiary hearing on Lin's claims on May 18, 2007.

Lin testified about his involvement with Falun Gong. He stated that he had mild arthritis during childhood, and the condition persisted despite visits to about twelve doctors of Chinese and Western medicine. His maternal uncle introduced him to the practice of Falun Gong, and after study and practice, his arthritic condition substantially improved. In July 1999, his uncle warned him that the Chinese government had banned the practice of Falun Gong. In August 1999, Lin was arrested at home and was taken into detention for a month. During his detention, he was interrogated and beaten, receiving superficial injuries for which he did not seek medical treatment. He was detained with several other Falun Gong practitioners, and he was released only after he signed a document renouncing Falun Gong and promising that he would no longer practice Falun

2

Gong. Lin secretly continued his Falun Gong practice at home, and he stated that village cadres made periodic home checks through 2003. He continued to practice Falun Gong less often, once every two weeks, because he needed to allot more time for his family, and his arthritis was basically cured at that time. He did not leave China until April 2005, waiting until then because he had to care for his mother, who had a stomach illness, and his younger sister was unable to assume caregiving duties until her school graduation.

On cross-examination, when asked for documentation regarding his consultation with twelve doctors in China for his arthritis, Lin stated that his mother attempted to find the doctors, but they all had relocated, died, or changed professions since the time of treatment. Also, Lin indicated that he did not know any of his fellow detainees very well. When confronted with a supporting letter by his uncle stating that he, too, was detained and saw Lin at the police station, Lin stated that his uncle was in another room and that he did not know of his uncle's presence until later. When asked why he made no mention in his asylum application that his uncle was similarly detained, interrogated, and beaten, Lin stated that his application was his own personal matter. When pressed for an explanation, Lin explained that he did not mention his uncle's detention in his application out of fear of getting his uncle into trouble. When reminded that he already had mentioned his uncle in his asylum application when describing how he was first introduced to Falun Gong, Lin simply affirmed that he had done so, but he stated that he did not understand why he should have mentioned his uncle's detention.

3

In addition to his testimony, Lin submitted supporting documentation, including articles concerning country conditions in China with respect to Falun Gong, the 2006 State Department County Report for China, a recent X-ray and report concerning Lin's right knee, articles concerning Falun Gong's benefits for arthritic conditions, photographs of Lin at a Falun Gong rally in July 2006 in Washington, D.C., and letters from his mother and his uncle. On June 5, 2007, the IJ found that Lin lacked credibility, denied all forms of relief, and ordered Lin removed to China. On June 19, 2008, the BIA dismissed the appeal, adopting and affirming the portion of the IJ's decision denying relief and supplementing the decision with respect to the adverse credibility determination. This petition for review followed.

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). Here, the BIA appears to have deferred to the IJ's credibility determination in some respects, while also remarking that Lin's explanations for certain credibility issues "may have some merit." (BIA Jun. 19, 2008 Decision, A.R. 2.) Thus, we will review the IJ's decision as supplemented by the BIA. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). Credibility determinations are reviewed under the substantial evidence standard. See id. at 243. Adverse credibility determinations based on speculation or conjecture, rather than on record evidence, are reversible. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Lin's asylum application was filed after May 11, 2005, and thus the provisions of the REAL ID Act governing credibility determinations in asylum

4

applications apply.  See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).  Under the REAL ID Act, an adverse credibility determination can be based on inconsistencies, inherent implausibilities, inaccuracies, and other factors, without regard to whether they go to the heart of an applicant's claim.  8 U.S.C. § 1158(b)(1)(B)(iii). The Court must uphold the credibility determination of the BIA unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Lin tacitly challenges the applicability of the REAL ID Act provision regarding credibility determinations, contending that the agency's adverse credibility determination rests upon minor and immaterial discrepancies.  We need not consider the effects of the new provisions, however, because we conclude that substantial evidence supports the adverse credibility determination on matters that concern the heart of Lin's claim.  For example, Lin argues that the IJ relied on inconsistencies between Lin's asylum application and his testimony regarding his education, and between his airport interview by immigration agents and his testimony regarding his delayed departure from China.  We note that the BIA appears not to have emphasized these aspects of the IJ's decision and instead affirmed the adverse credibility finding on other grounds.  Specifically, the BIA discussed the discrepancy between Lin's testimony that he was not very familiar with anyone who was detained with him during his 1999 arrest and Lin's uncle's letter

5

indicating that he and Lin had been detained at the same location and time.[1]  Moreover, the BIA rejected Lin's subsequent explanation that he did not want to risk revealing his uncle's Falun Gong activities in his written asylum affidavit, pointing out that Lin already had implicated his uncle's Falun Gong practice in the affidavit.  We conclude that the record contains substantial evidence to support the adverse credibility finding and does not compel a contrary finding.[2]

In sum, we discern no reason to disturb the agency's denial of asylum and withholding of removal.  Lin presents no argument regarding his claim for protection under the CAT.  We deem any challenge to the denial of CAT relief to be waived.

We will deny the petition for review.

---

[1] The BIA remarked on Lin's lack of credibility regarding his testimony that he did not see his uncle at the police station, noting that "the excuse that the uncle was in a different room and [Lin] did not see him is belied by the uncle's statement that he saw [Lin]."  (BIA Jun. 19, 2008 Decision, A.R. 2.)  We note that it is not impossible that Lin's uncle could have seen Lin from a different room without also being seen by Lin; Lin could have had his head turned away from his uncle at the time.  Yet this comment by the BIA is inconsequential to its point that Lin knew of his uncle's detention but omitted that detail from both his application for relief and his testimony, and his inadequate explanation for the omission reflects negatively on his credibility.

[2] Because substantial evidence supports the adverse credibility finding, we need not reach Lin's argument that the IJ made unreasonable demands for corroborating evidence in support of his claims.